# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| | : CASE NO.: 1:12-CR-2 (WLS) |
| JOSEPH WILEY JORDAN, | : |
| Defendant. | : |

## ORDER

Before the Court is an appeal from Magistrate Judge Stephen Hyles' Order denying Defendant Joseph Wiley Jordan's motion for bond pending appeal. (Doc. 90.) The sole issue this appeal presents is whether Jordan satisfied his burden of showing his appeal raises a substantial question of law or fact likely to result in, among other things, a reversal of his conviction. *See* 18 U.S.C. § 3143(b)(1). The Court finds Jordan has not met that burden.

Judge Hyles found the appeal did not raise a substantial question because Jordan conflated two distinct issues. Specifically, Judge Hyles found that Jordan conflated this Court's findings on restitution and sentencing with his appeal challenging the sufficiency of the evidence for corrupt intent under 18 U.S.C § 215(a). In other words, according to Judge Hyles, Jordan's appeal tries to assail the sufficiency of his conviction by imputing a requirement into 18 U.S.C. § 215(a) that his payments must *actually* result in bank business. And because the Court found for sentencing purposes that at least some of his payments did not actually result in the issuance of the loans, Jordan claims this finding implies he did not act with a corrupt intent.

The Bail Reform Act requires a court to detain a defendant who has appealed his conviction unless the court finds the appeal "raises a substantial question of law or fact likely to result in," among other things, a reversal or a new trial. 18 U.S.C. § 3143(b)(1).

1

"[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that could very well be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

After a de novo review of the record, the Court agrees with Judge Hyles that Jordan's appeal does not present a substantial question of law or fact. A court reviewing the sufficiency of the evidence "view[s] the evidence in the light most favorable to the government, making all reasonable inferences and credibility choices in the government's favor, and then determine[s] whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011) (citations and internal quotations omitted). Furthermore, "[t]he evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *United States v. Capers*, 708 F.3d 1286, 1297 (11th Cir. 2013) (quoting *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989)).

There was ample evidence for the jury to conclude Jordan acted with a corrupt intent. The Government submitted evidence that Jordan wrote checks to Larry Malone, the chief financial officer at Southwest Georgia Farm Credit, totaling $67,500. On several occasions, Jordan gave Malone personal checks on the same date SWGFC issued loans. Jordan made one of those checks from a business entity's account, and repaid the entity for "Malone Consulting," a fictitious entity. Malone testified he viewed some of these payments as loans he would repay. According to Malone, however, Jordan later suggested that if he could help him with future investments in real estate, Malone would not need to pay back the so-called loans. Jordan and Malone, both sophisticated businessmen, did not keep any documentation of these payments. A jury could have reasonably found these facts evinced a corrupt intent.

It is of no moment that the payments may not have "caused" SWGFC to issue the loans or that Jordan may have qualified for them. By its plain terms, the statute captures those who "offer" to give anything of value, implying that even a rejected bribe falls within the statute's reach. *See United States v. Ring*, 706 F.3d 460, 465 (D.C. Cir. 2013) ("The bribery statute expressly criminalizes a mere 'offer' of something of value with intent to influence an official act. . . . That the official need not accept that offer for the act of bribery to be complete is evident from the structure of the statute, which defines separate bribes: the act of offering a bribe and the act of soliciting or accepting a bribe.").

In his motion for bond pending appeal, Jordan advocates, in so many words, for what is basically a *quid pro quo* requirement. (*See* Doc. 76 at 4 ("In short, the Government failed to prove that the payments of the monies by the Defendant to Malone caused Malone to cause SWGFC to pay monies to Jordan); *see also* Doc. 90 at 3 ("In other words, it was the Court's correct charge on the law that identified the legal requirement of causation; i.e. payments to Malone *caused him* to do an unlawful act.").) The problem with this position is that Jordan has asserted that 18 U.S.C. § 215(a) probably does not require a *quid pro pro*. (Doc. 23 at 6 ("By analogy to [18 U.S.C. § 666], it would appear that a specific *quid pro quo* is not required to be provide by the government for a § 215(a) conviction . . . ."); Doc. 45 at 118.) Moreover, even if it did, it is well settled that a conviction requiring a quid pro quo does not hinge on the performance of that arrangement. *Ring*, 706 F.3d at 467 ("[W]e have made clear that the quid pro quo need not be 'fully executed for the act to be considered a bribe.'" (citation omitted)).

Given these facts and the relevant law, the Court is not persuaded by Jordan's attempt to equate its findings on sentencing and restitution with the law on corrupt

3

intent under 18 U.S.C. § 215(a). Evidence that Jordan did not receive a benefit from his payments may support his theory of the case. But the jury was not required to accept that theory, and it had ample evidence, particularly when construed in favor of the Government, to reasonably reach its verdict.

Accordingly, Jordan's objection (Doc. 90) is **OVERRULED**. Judge Hyles' Order (Doc. 88) is **ACCEPTED, ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Jordan's Motion for Bond Pending Appeal (Doc. 76) is **DENIED**. He shall report at the time and place to be noticed by the Bureau of Prisons upon expiration of the Court's extension of his surrender date, as previously extended by Order of the Court.

**SO ORDERED**, this  17th   day of April 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**